IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY L. PRINE, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 08-3177-CV-S-RED |
| REGAL-BELOIT ELECTRIC MOTORS, INC., et al. | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Defendants' Motion for Summary Judgment (#63). After careful consideration, the Court **GRANTS** the motion.

## BACKGROUND

Plaintiff Gregory Prine ("Prine") worked as a maintenance mechanic in one of Defendants' (collectively, "Regal Beloit") manufacturing plants. Throughout his employment, Prine regularly informed his superiors of unremedied safety violations in the plant. Prine had two heart attacks, and his cardiologist said he had to work less overtime because of a continuing heart condition. On July 31, 2007, Prine claims that Regal Beloit told him he had to move to a lower paying job in the plant, work more overtime in his current job, or quit. In response to what Regal Beloit told him, Prine claims he reported sick for work on August 1, 2, 3, 6, 7, and 8 of 2007. Regal Beloit discharged Prine on August 8, 2007. Regal Beloit claims it discharged Prine for violating its attendance policy.

Prine sued Regal Beloit for violating the Missouri Human Rights Act by discriminating against him because of his disability and for common law wrongful discharge for terminating him because he blew the whistle on safety violations. Regal Beloit moved for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED R. CIV. PRO. 56. "The plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Court recognizes that claims under Missouri's discrimination and wrongful termination laws "are not identical to the federal standards." *Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 818-19 (Mo. 2007). However, "[i]n deciding cases under the MHRA, . . . courts are guided by both Missouri law and federal employment discrimination caselaw that is consistent with Missouri law." *Daugherty*, 231 S.W.3d at 818. Accordingly, the Court will refer to state law and consistent federal cases throughout this order.

## DISCUSSION

### *Summary judgment is appropriate on Prine's disability discrimination claim.*

Regal Beloit argues that Prine cannot produce sufficient evidence to show that he is disabled. Prine claims that he is disabled because his heart condition renders him unable to work. Under the MHRA, Prine has the burden to establish his disability. A "disability" is "a physical or mental impairment which substantially limits one or more of a person's major life activities." RSMo. § 213.010(4).[1] Working is a "major life activity." *Daugherty v. City of*

---

[1] The Court notes that the standard for whether a person is "disabled" is the same under the MHRA as it is under the ADA. The Court also notes that disability may be established by showing that the employer regarded the employee as disabled. However, Prine admits that he

2

*Maryland Heights*, 231 S.W.3d 814, 821 (Mo. 2007).

"Whether an impairment substantially limits a major life activity is a threshold question." *Samuels v. Kansas City Missouri School Dist.*, 437 F.3d 797, 801 (8th Cir. 2006). "The impairment must be substantial, that is, considerable or to a large degree." *Id.* When working is the major life activity at issue, plaintiff must show that he is "unable to perform either a class of jobs or a broad range of jobs in various classes." *Id.* at 802. "The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working." *Id.* at 801-02. "Furthermore, temporary impairments with little or no long-term impact are not disabilities." *Id.* at 802. Summary judgment is appropriate if Prine "fail[s] to present sufficient evidence to establish that the nature, duration, and long-term impact of his medical problems caused him to be substantially limited in a major life activity." *Brunke v. Goodyear Tire and Rubber Co.*, 344 F.3d 819, 822 (8th Cir. 2003).

There is a dearth of evidence supporting Prine's claim that he is disabled. The only medical evidence is a discharge record and work excuse notes from Prine's doctor. The discharge record states that Prine should not lift anything heavier than 50 pounds and he should return to work 2 weeks after he was discharged from the hospital following his heart attack. A doctor's note dated October 15, 2006 says "excuse Mr. Prine from work for 2 weeks, then 1st week back no lifting, pushing or pulling > 50 lbs. then no restrictions." A doctor's note dated November 28, 2006 says "return to work Monday, Dec. 4th, 2006." Another note dated November 28, 2006 states "restricted to 40 hour work week for 12 weeks." A January 29, 2007

---

has not pled a "regarded as" case, and in his deposition and interrogatory responses he stated that Regal Beloit did not regard him as disabled. Prine has also not produced any evidence or argument to support a finding that he had a record of disability.

doctor's note states "may return to work/school may only work 40 hours per week for one year." A May 15, 2007 doctor's note states "able to work with limitations 40 hr. work week." However, a June 1, 2007 doctor's note states "he may work no more than 6 hours of overtime per week until angina resolves." The record before the Court does not contain doctors' charts or testimony from a treating or examining source.

Prine relies on his own deposition and affidavit testimony to support his claim of disability. In his affidavit, Prine states "I am disabled due to my heart condition since my heart attacks. I am not allowed to do any heavy-lifting. I have difficulty working overhead with my arms. I have trouble handling tools while working with my hands, and I cannot work extended hours in the heat." However, Prine twice stated at his deposition that his inability to work more than 40 hours a week is the only limitation that renders him disabled and unable to work. (Prine Depo. pp. 221, 297-98). Prine's overtime limitation did not substantially limit his ability to work. *Taylor v. Nimock's Oil Co.*, 214 F.3d 957, 960-61 (8th Cir. 2000) (plaintiff's heart condition held not to constitute a disability because only restrictions were that plaintiff could work no more than 40 hours per week and lift no more than 10 pounds); *Berg v. Norand Corp.*, 169 F.3d 1140, 1145 (8th Cir. 1999) ("[w]e find it hard to say that being limited to a 40 to 50 hour work week substantially limits one's ability to work"). To the extent Prine has changed his mind and now believes other limitations associated with his heart condition render him disabled, he has not provided the Court with specific restrictions or evidence of how his limitations would have impacted his ability to perform a class or broad range of jobs on a long-term basis. "Evidence of general temporary work restrictions, without more, is insufficient to constitute a disability." *Samuels*, 437 F.3d at 803.

4

Moreover, Prine has offered no evidence that the limitations associated with his heart condition would be permanent or long-term.  The doctor's notes indicated that Prine would be able to work without restrictions in the future.  In fact, Prine's most recent doctor's note stated that it was appropriate to partially remove the overtime restriction.

Finally, Prine failed to offer any testimony from a vocational expert or other evidence establishing that the limitations associated with his heart condition render him unable to perform a class of jobs or a broad range of jobs in various classes.  *Samuels*, 437 F.3d at 802-03.  "The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working."  *Id.*  The record shows that Prine's restrictions rendered him unable to work as a maintenance mechanic for Regal Beloit, but there is no evidence that Prine's limitations prevented him from working in other jobs.

Prine has failed to satisfy the threshold requirement of his case that he is disabled. Accordingly, no genuine issues of material fact remain on Prine's MHRA claim and judgment as a matter of law is appropriate.

### *Summary judgment is appropriate on Prine's wrongful discharge claim.*

An employee has a cause of action for wrongful discharge if the employee was discharged for "reporting wrongdoing or violations of law or public policy by the employer or fellow employees to superiors or third parties."  *Porter v. Reardon Machine Co.*, 962 S.W.2d 932, 936-37 (Mo. App. 1998); *see also Boyle v. Vista Eyewear, Inc.*, 700 S.W.2d 859, 873 (Mo. App. 1985).  Missouri courts have referred to this cause of action as the "whistleblower category of the public policy exception."  *Porter*, 962 S.W.2d at 937.  Prine claims that Regal Beloit fired

him for blowing the whistle on OSHA violations.[2]

"For a plaintiff to meet his or her prima facie burden for wrongful discharge under the public policy exception, the plaintiff must establish an *exclusive* causal relationship between the discharge and the allegation of violation of public policy." *Fleshner v. Pepose Vision Institute, P.C.*, 2009 WL 113867, *3 (Mo. App. January 20, 2009) (emphasis in original); *see also Grimes v. City of Tarkio*, 246 S.W.3d 533, 536 (Mo. App. 2008).[3] "Generally, more than a temporal connection is required to present a genuine issue of material fact." *Haas v. Kelly Services, Inc.*, 409 F.3d 1030, 1037 (8th Cir. 2005). "A mere coincidence of timing can rarely be sufficient to establish a submissible case of retaliatory discharge." *Id.*

Prine testified at his deposition that his superiors at Regal Beloit did not tell him that he was terminated for reporting the safety violations. Throughout this case, defense counsel asked Prine for evidence of causation. The only evidence he proffered in response to such requests and in response to Regal Beloit's motion for summary judgment is temporal proximity. However, in

---

[2]Throughout this case, Prine has asserted various other bases for a wrongful discharge claim. Such bases have included retaliation for a successful workers' compensation claim and retaliation for taking coolant samples from the plant. Prine has not offered any evidence or argument to support these bases in response to Regal Beloit's motion for summary judgment. Accordingly, Prine appears to have abandoned these claims. To the extent Prine has not abandoned these claims, the Court notes that there is no evidence that Prine's discharge was caused by the workers' compensation claim that was resolved years prior to Prine's termination. The same is true of his unauthorized removal of coolant samples from the plant.

[3]Approximately 5 years ago, the Court of Appeals for the Western District of Missouri "questioned whether an exclusive causal connection (as opposed to a direct causal connection) is required." *Shuler v. Premium Standard Farms, Inc.*, 148 S.W.3d 1, 7 (Mo. App. 2004) (overruled on other grounds) (citing *Brenneke v. Department of Missouri, Veterans of Foreign Wars*, 984 S.W.2d 134, 139-41 (Mo. App. 1998)). However, the two more recent cases cited above state that the cause must be exclusive. Moreover, in this case, Prine fails to offer any evidence (other than temporal proximity) to establish causation, so judgment as a matter of law is appropriate regardless of what causation standard applies.

6

Case 6:08-cv-03177-RED   Document 74   Filed 03/23/09   Page 6 of 7

this case, the timing actually detracts from Prine's allegations. Prine testified that on multiple occasions every week he informed his supervisor of safety violations. He reported the violations on a regular basis for a number of years before Regal Beloit discharged him. Prine also testified that the safety violations he reported were rarely if ever remedied, and he reported the same violations month after month. He only made one written report of safety violations, and he submitted that report to his supervisor two years before he was terminated. If Prine reported a new safety violation and was immediately terminated, perhaps temporal proximity would be some evidence of causation. But that is not the evidence in this case.

Prine's evidence that he reported safety violations on a regular basis for a number of years before Regal Beloit terminated him does not create a genuine issue of material fact regarding whether Prine's whistleblowing caused his termination. Accordingly, judgment as a matter of law is appropriate on Prine's wrongful discharge claim.

## CONCLUSION

Therefore, for the reasons stated above, the Court **GRANTS** Defendants' Motion for Summary Judgment (#63). Final judgment is hereby entered in favor of Defendants Regal Beloit Electric Motors, Inc., Marathon Electric Manufacturing Corporation, and Suzanne R. Cooley and against Plaintiff Gregory L. Prine.

**IT IS SO ORDERED**.

DATED: March 22, 2009  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT